IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LYNN PETERSON,<br><br>                Plaintiff,<br><br>v.<br><br>DESERET TRANSPORTATION, a d/b/a of THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole,<br><br>                Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS<br><br><br>Case No. 2:25-CV-00821-TS-DAO<br><br>District Judge Ted Stewart<br>Magistrate Judge Daphne A. Oberg |

       This matter is before the Court on Defendant Deseret Transportation's Motion to Dismiss. For the reasons discussed hereafter, the Court will grant the Motion.

## I. BACKGROUND

       Plaintiff filed his Complaint on September 17, 2025.[1] Therein, he alleges that his employer, Deseret Transportation, violated the Americans with Disabilities Act ("ADA") and the Family and Medical Leave Act ("FMLA") by failing to accommodate his disability and wrongfully terminating his employment as a long-haul truck driver. Plaintiff filed his ADA claim with the Equal Employment Opportunity Commission ("EEOC") on November 7, 2024. The EEOC issued a right-to-sue letter on June 13, 2025.[2]

       Defendant seeks dismissal of Plaintiff's ADA claim on the grounds that it was filed more than ninety days after receipt of the EEOC's determination and thus is untimely. In his Complaint, Plaintiff seemingly attempts to bypass this issue by representing that his attorney did

---

[1] Docket No. 1.

[2] *Id*. at 13.

not receive notice until September 15, 2025.[3] However, in his Response, Plaintiff states that he does not oppose the Motion insofar as dismissal is limited to his ADA claim and that it be without prejudice. Otherwise, Plaintiff does not contest that his ADA claim is time-barred. Defendant asks that the ADA claim be dismissed with prejudice.

## II. LEGAL STANDARD

When evaluating a complaint under Rule 12(b)(6),[4] the court accepts all well-pleaded factual allegations, as distinguished from conclusory allegations, as true and views them in the light most favorable to the non-moving party.[5] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face,"[6] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[7]

In considering a motion to dismiss, a district court considers the complaint, any attached exhibits,[8] the "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[9] The court may also consider other documents "referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."[10]

---

[3] *See id.* at 3.

[4] Fed. R. Civ. P. 12(b)(6).

[5] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[6] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[8] *Commonwealth Prop. Advocs., LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201 (10th Cir. 2011).

[9] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

[10] *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

III. DISCUSSION

The ADA requires a plaintiff to bring a civil action within 90 days from receipt of a right-to-sue notice.[11] "The ninety-day limit begins to run on the date the complainant actually receives the EEOC right-to-sue notice,"[12] even if the claimant's attorney does not receive notice until a later time.[13] Failure to comply with this requirement renders a claim time-barred.[14] This time limit is strictly complied with, and even a one-day delay renders a complaint untimely.[15] Where the date of receipt is unknown, the Tenth Circuit has "implicitly sanctioned applying either a five-day or three-day presumption."[16]

Here, the right-to-sue letter was issued on June 13, 2025, but the Complaint does not specify when Plaintiff actually received the notice. Thus, the Court may presume that he received it within three or five days after issuance: either June 16 (three days) or June 18 (five days). Even applying the five-day presumption, Plaintiff's claim is untimely—the ninety-day window expired on September 16, 2025, and Plaintiff filed his Complaint on September 17, 2025.

Additionally, a claimant may receive their right-to-sue letter through email or other electronic notification.[17] In such cases, the ninety-day window starts when the email or electronic

---

[11] 29 C.F.R. § 1601.28(e)(1); 42 U.S.C. §§ 12117(a), 2000e-5(f)(1).

[12] *Witt v. Roadway Express*, 136 F.3d 1424, 1429 (10th Cir. 1998).

[13] *Noe v. Ward*, 754 F.2d 890, 892 (10th Cir. 1985).

[14] *See id*; *see also Hall v. United Parcel Serv., Inc.*, 101 F. App'x 764 (10th Cir. 2004) (affirming dismissal of ADA claim because it was untimely filed and equitable tolling was not appropriate).

[15] *See Rice v. New England Coll.*, 676 F.2d 9, 11 (1st Cir. 1982) (dismissing Title VII action filed 91 days after receipt of notice).

[16] *Lozano v. Ashcroft*, 258 F.3d 1160, 1165 (10th Cir. 2001).

[17] *McDonald v. St. Louis Univ.*, 109 F.4th 1068 (8th Cir. 2024); 29 C.F.R. §1601.3(b).

notification is received from the EEOC, even if not opened or read until later.[18] Here, again, the Complaint does not specify if or when Plaintiff received electronic notification of the EEOC's determination, nor does he argue that he received notification on such a date that would cause his Complaint to be timely.

Included in the Complaint is an email from Plaintiff to his counsel with an attachment that is dated and entitled "2025-06-13 Peterson Closure Notice-NRTS.pdf." Defendant's counsel alleges they also received electronic notice from the EEOC on the same date—June 13, 2025. Thus, assuming that Plaintiff received electronic notification of his right-to-sue on that date, his claim is still time-barred.

Plaintiff asks the Court to dismiss his ADA claim without prejudice but does not argue that equitable tolling is justified nor that his claim could otherwise be amended to cure the deficiency. In fact, Plaintiff provides no reasoning at all as to why the Court should dismiss the claim without prejudice. The dates in the Complaint "make clear that the right sued upon has been extinguished."[19] Because the claim is time-barred, amendment would be futile. "If a complaint fails to state a claim and amendment would be futile, dismissal with prejudice is appropriate."[20] Based on the above analysis, the Court will grant the Motion and dismiss Plaintiff's ADA claim with prejudice.

//

---

[18] *McDonald*, 109 F.4th at 1071; *Lax v. Mayorkas*, 20 F.4th 1178, 1182 (7th Cir. 2021); *Paniconi v. Abington Hosp.-Jefferson Health*, 604 F. Supp. 3d 290, 293 (E.D. Pa. 2022).

[19] *Sierra Club v. Okla. Gas & Elec. Co.*, 816 F.3d 666, 671 (10th Cir. 2016).

[20] *Chase v. Divine*, 543 F. App'x 767, 769 (10th Cir. 2013) (citing *Grossman v. Novell*, 120 F.3d 1112, 1126 (10th Cir. 1997)); *see also McGowan v. Wal-Mart Stores*, 757 F. App'x 786 (10th Cir. 2019) ("A dismissal based on timeliness would ordinarily be with prejudice.") (citation omitted).

IV. CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Dismiss Plaintiff's ADA Claim with Prejudice (Docket No. 5) is GRANTED.

DATED March 11, 2026.

BY THE COURT:

Ted Stewart
United States District Judge